# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**BILLY MACK NICHOLS, JR.**                                                           **PLAINTIFF**
**ADC #092713**

**V.**                                    **NO. 2:23-cv-00021-BSM-ERE**

**C. RIVERS,** *et al.*                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommendation for the dismissal of Mr. Nichols' claims has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Discussion

On January 30, 3034, Plaintiff Billy Mack Nichols, an Arkansas Division of Correction inmate, filed this action *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Because

Mr. Nichols is a "three-striker,"[1] he can proceed *in forma pauperis* only if he is currently in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).

In his original complaint and complaint addendum (*Docs. 2,6*), Mr. Nichols allege that: (1) Defendants Tracy Bennett and Paul Gates have failed to provide him "medical shoe[s]" (*Doc. 2 at 7*); (2) Defendant Allison has interfered with his access to the courts; (3) Defendants Richardson and Jackson have "take[n] away our shoes, shirts, pants, cups, bowls, [and] jumpsuits'' and have denied inmates housed at the East Arkansas Regional Maximum Security Unit winter hats, yard call, and religious foods; (4) he has been denied Tylenol (*Doc. 2 at 9*); and (5) Defendant Bennett has failed to provide him medical treatment for his jaw pain and swollen hand. However, based on the attachments to his complaint: (1) as of July 28, 2022, Mr. Nichols' medical records reveal that he had no "clinical indication" for medical shoes and ADC staff encouraged Mr. Nichols perform hand and grip exercises; and (2) he did not have an active Tylenol prescription (*Doc. 2 at 38*). Accordingly, while Mr. Nichols may disagree with the treatment that he has been provided, the alleged facts

---

[1] The following dismissals constitute "strikes" for purposes of 28 U.S.C. § 1915(g). See *Nichols v. Harrelson, et al.*, No. 4:99-cv-388-SWW (E.D. Ark.); *Nichols v. Simpson, et al.*, No. 4:99-cv-743-GTE; *Nichols v. Sallings, et al.*, No. 4:99-cv-785-HW (E.D. Ark.); and *Nichols v. Harrelson, et al.*, No. 4:00-cv-106-JM (E.D. Ark.).

are insufficient to suggest that he faces an imminent danger of serious physical injury.

Based on Mr. Nichols' status as a three-striker and his failure satisfy the imminent-danger-of-serious-physical-injury standard, on February 7, 2023, the Court ordered him to pay the $402.00 filing fee within 30 days. *Doc. 4*. The Court specifically cautioned Mr. Nichols that his failure to comply with the Court's Order would result in dismissal of his claims, without prejudice.

To date, Mr. Nichols has not complied with the Court's February 7, 2023 Order, and the time for doing so has passed.

### III. Conclusion

The Court recommends that Mr. Nichols' claims be DISMISSED, without prejudice, based on his failure to: (1) comply with the Court's February 7, 2023 Order requiring him to pay the filing fee; and (2) prosecute this lawsuit.

DATED this 15th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE